Petition for Writ of Mandamus Denied and Memorandum Opinion filed
February 14, 2006









Petition for Writ of Mandamus Denied and Memorandum
Opinion filed February 14, 2006. 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-01267-CV

____________

 

IN RE MAX ALEXANDER SOFFAR, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT
OF MANDAMUS

 



 

    M E M O R A N D U
M   O P I N I O N

In this original proceeding, relator, Max
Alexander Soffar, seeks a writ of mandamus ordering the respondent, the
Honorable Mary Lou Keel, Judge of the 232nd District Court of Harris County,
Texas, to vacate her orders of October 7, 2005, and December 2, 2005, denying
relator=s motions for funding a
court-appointed fingerprint examiner and to grant those requests. Further,
relator complains of the trial court=s failure to comply with article
26.052(g) of the Texas Code of Criminal Procedure, which requires the trial
court to state the reasons for denying such requests in writing, to attach the
denial to the confidential request, and to submit the request and denial as a
sealed exhibit to the record.  See
Tex. Code Crim. Proc. Ann. art.
26.052(g) (Vernon Supp. 2005). 








Relator is being retried for capital murder,[1]
and the State is seeking the death penalty. 
Relator filed motions for funding in the amount of $2500 for fingerprint
experts on September 21, 2005, and November 30, 2005. [Ex. 9] . [Ex.
5][Ex. 11]  The trial court denied
those motions on October 7, 2005, and December 2, 2005. [Ex. 6]  However, on December 1, 2005, the trial court
entered, upon Soffar=s further motion, an Order for the Submission of Finger and
Palm Prints to Databases for Comparison Purposes, (the AOrder@) which stated that: (1) pursuant to
a previous order,[2]
the firm of Ron Smith and Associates reviewed and scanned into a digital format
fourteen latent prints recovered at the crime scene; (2) ten of those prints
were of sufficient quality for submission to the Integrated Automated
Fingerprint and Palm print Identification Systems (IAFIS/APIS) for
identification purposes; (3) Pasadena Police Department (APPD@) has the ability to submit these
latent prints into finger and palm print databases, including IAFIS/APIS; (4)
defense counsel was authorized to instruct Ron Smith and Associates to forward
a compact disk with those ten prints to the attention of Officer David Hyde at
the PPD; and (5) PPD was authorized to submit the prints to IAFIS/APIS.  The Order then provides:








The
results of the submission shall be provided to defense counsel immediately upon
completion of the submission.  Should any
submission indicate a match of the submitted latent prints to one or more
prints in the data base(s), the identity of all whom the examiner believes
match the print submitted, the lift number of the latent print identified as
being a match, the identifying information concerning the matched individual,
shall be disclosed to the prosecution within 48 hours of receipt of that
information by defense counsel.  The
defense expert will also make available for the State=s expert, access to the inked prints,
if any, that the examiner uses to confirm the match.

A December 23, 2005, affidavit of Soffar=s attorney, John P. Niland, [Ex.
8] states that Jason Pressly of Ron Smith & Associates Aagreed to (a) arrange for the
submission of the latent prints; (b) send by Federal Express the digitized
prints to the Pasadena City Police Department; (c) obtain and analyze any
results; (d) compare the latent prints to the actual prints of any suggested
suspects to determine if a match could be established.  He also agreed to compare the crime scene
prints to prints of any other suspect suggested to him by the defense.@[3]

Mandamus relief is available only when the relator can
establish that no other adequate remedy at law is available and that the act he
seeks to compel is ministerial.  See
State ex rel. Healey v. McMeans, 884 S.W.2d 772, 774 (Tex. Crim. App.
1994).  An act is ministerial when the
merits of to the relief sought are beyond dispute and there is nothing left to
discretion or judgment.  See State ex
rel. Rosenthal v. Poe, 98 S.W.3d 194, 198 (Tex. Crim. App. 2003). 

According to Niland=s affidavit, a fingerprint expert is
needed to analyze Aany results@ from PPD.  Because
relator=s mandamus petition seeks funding
only for advance payment of these expenses, rather than reimbursement of
amounts already paid or incurred, we understand the request to be for the work
to analyze the results from PPD, if any, as contrasted from that previously
conducted to develop and submit the fingerprint information to PPD.  As the record before this court does not
establish there are any results yet for an expert to analyze, there is no basis
to conclude that there is any work to be funded, even if relator might
otherwise be entitled to relief, which we do not decide.








Although article 26.052(g) requires a trial court to state
its reasons for denying a request for advance payment of expenses and make that
denial part of the record, the Order appears to supersede its denials of
relator=s funding requests pending the
results of the submission.  See Tex. Code Crim. Proc. Ann. art.
26.052(g) (Vernon Supp. 2005). 
Therefore, our record does not indicate that any useful purpose would be
served in ordering the trial court to submit its reasons for those denials.

Because, relator has thus not established that he is entitled
to mandamus relief on the record before us, we deny his petition for writ of
mandamus.  It is so ordered. 

 

 

 

 

/s/        Richard H. Edelman

Justice

 

 

 

 

Petition Denied
and Memorandum Opinion filed February 14, 2006.

Panel consists of
Justices Fowler, Edelman, and Guzman.











[1]  Relator was convicted of capital murder in 1981 and
sentenced to death.  The Texas Court of
Criminal Appeals affirmed his conviction on direct appeal.  See Soffar v. State, 742 S.W.2d 371
(Tex. Crim. App. 1987).  On December 21,
2000, a panel of the Fifth Circuit of Appeals granted relator a certificate of
appealability on three of his habeas corpus claims and granted relief on one
claim.  See Soffar v. Johnson, 237
F.3d 411 (5th Cir. 2000).  An en banc
Fifth Circuit vacated that decision on July 29, 2002, and remanded the case to
the Fifth Circuit panel to consider the merits of the remaining issues for
which it had granted the certificate of appealability.  See Soffar v. Cockrell, 300 F.3d 588
(5th Cir. 2002).  On remand, the Fifth
Circuit panel reversed and remanded the case. 
See Soffar v. Dretke, 368 F.3d 441 (5th Cir. 2004).      





[2]  The record
before this court does not contain the referred to motion or order.





[3]  Our record does not indicate to what extent, if any,
the Order has been complied with.